ATLANTIC COAST LINE RAILROAD COMPANY v. CITY OF ORLANDO

167 So. 655.
Opinion Filed September 27, 1935.
On Rehearing January 13, 1936.
On Extraordinary Petition for Rehearing February 18, 1936.

*W. E. Kay, LeRoy B. Giles, Warren B. Parks, F. P. Fleming* and *C. P. Dickinson,* for Appellant;

*Merton S. Horrell,* for Appellee.

PER CURIAM.—The only practical difference between the matters involved in this case and those involved in the case of Tampa Southern Railroad Company, a corporation, v. City of Bradenton, opinion filed at this Term of Court, is that in the City of Bradenton case the appeal was from a final decree entered after testimony taken on a bill filed by the municipality to enforce an alleged tax lien, whereas in the instant case, the appeal is from an order granting motion of defendant to strike the fourth paragraph of the bill of complaint and the cross appeal is from an order denying the motion of defendant to strike the fifth paragraph of the bill of complaint.

The bill of complaint was filed by the Atlantic Coast Line Railroad Company challenging the assessment of railroad property within the City of Orlando by that municipality. The fourth and fifth paragraphs of the bill were as follows:

"Fourth: Plaintiff shows that the said City of Orlando could not lawfully increase the assessments fixed by the Comptroller and approved by the State Board of Assessors as aforesaid, unless such an increase should be required to place such valuations made by the City of Orlando on a basis corresponding with the basis of assessment of other property generally; that is to say, if the assessment of the Comptroller and State Board of Assessors is made upon the

basis of Fifty (50%) per cent., of the full value of said properties, and the assessments generally made by the City of Orlando are made upon the basis of one-hundred (100%) per cent. of the full value of properties, then any revaluation for assessment purposes which more than doubled the assessment of the State Board would be unwarranted and unlawful.

Plaintiff shows that in no other way than by a proper consideration of the assessment made by said Comptroller subject to revaluation only in conformity with the basis of valuation generally employed in making assessments in said city, could a just and fair valuation of plaintiff's real property in the City of Orlando be arrived at.

Fifth: Plaintiff shows that the assessable value for taxes of a railroad track and terminal facilities can only be determined by looking to the elements on which the financial condition of the company depends, its traffic as evidenced by the rolling stock and gross earnings in connection with its capital stock. No local estimate of the fraction in one city of a railroad track running through numerous cities and counties can be based upon sufficient data to make it at all reliable unless the local assessors are furnished with the means of estimating the whole road. It would be guesswork or a vague approximation and it would be a most cumbersome and uselessly expensive and burdensome mode of assessment to give each local board of assessors the power to call for the necessary books, papers and evidence for a correct general estimate. The most economical and accurate mode, and in fact the only feasible method is that whereby the assessment is made by the State Board of Assessors and the valuations thus arrived at, under the proper considerations for the entire business and properties of a railroad system, are accepted by the local taxing

authorities, subject only to such change of valuations as to fix a like basis of valuation on railroad property as is used for the assessment of property generally in such taxing district. No part of a mere roadway can be said to be more valuable than any other part, when considered as a track, for the exercise of the franchise of the company as a common carrier. It is, like the franchise itself, a unit for the purposes intended; these purposes being not merely the use of the road for profit of the Company, but its use for the benefit of the public. The right of way of a railroad depends for its value upon the traffic of the company, and not merely upon the narrow strip of land appropriated for the use of the road and the rails and crossties thereon. The value of the roadway at any given time is not the original cost, nor *a fortiori* its ultimate cost after years of expenditure in repairs and improvements. On the other hand, its value cannot be determined by ascertaining the value of the land included in the roadway assessed at the market price of adjacent lands, and adding the value of cross-ties, rails and spikes.

Plaintiff further shows that the City of Orlando has not the date and information necessary to place a value upon the entire property within the State; that the law does not require the furnishing of such data and information, and that to require it to be furnished by plaintiff to all municipalities through which plaintiff's line traverses would be unreasonably costly and would impose an undue and direct burden upon interstate commerce in that the cost and expense incident to the furnishing of information to the vast number of municipalities in Florida would, by undue reductions in the revenues arising from the operation of its proportion, greatly interfere with and impair the performance by plaintiff of its duties and obligations as a common

carrier by railroad in interstate commerce, in violation of the Commerce Clause of the Federal Constitution (Article .1, Section 8, Paragraph 3, upon which plaintiff relies."

The appellant states that the question for our considera- .tion is:

"Is not a municipality for the purpose of municipal taxa- tion bound by the assessment of the State Comptroller upon railroad tracks and terminal facilities within such munici- pality to the extent that the municipality may only change the amount of the assessment of the State Comptroller to ·make the same conform with the valuation rate of assess- .ment employed in assessing other property generally in the municipality; that is to say, by doubling the amount of the assessment made by the State Comptroller, if such assess- ment is made upon the basis of fifty per cent. (50%) of the actual value of said property, and assessments upon property generally by the municipality are upon the basis of one hundred per cent. (100%) of the value of the property?"

The appellee states that the questions presented are as follows:

"1. First Question: The statement of questions in- volved contained in the Brief of Appellant correctly states the issue raised on this phase of the appeal and is accept- able to the appellee as stated.

"2. Second Question. Is a municipality of Florida bound to adopt the practice of apportioning the entire value .of- a railroad system in the State, with its appurtenance, between the aggregate number of miles of track in the State and from such valuation determine the amount of taxable .property of the railroad in the municipality by taxing such proportion of the whole valuation as the number of miles

of track in the municipality bears to the aggregate mileage in the State?"

Thus, it will be seen that both parties concede that the questions involved are those which have been dealt with and determined by us in the case of Tampa Railroad Company v. City of Bradenton, *supra.*

. On authority of the opinion and judgment in that case the order appealed from insofar as it granted the motion to strike paragraph 4 of the bill of complaint should be reversed, and it is so ordered.

It appears to us that the allegations of paragraph 5 of the bill of complaint constitute mere arguments and conclusions of the pleader and are immaterial to the disposition of the case. Therefore, they should have been eliminated as surplusage.

The order denying motion to strike that paragraph was error. It, therefore, follows that the order striking paragraph 4 and the order denying motion to strike paragraph 5 should both be reversed.

The costs of this appeal should be pro-rated and taxed equally against the parties. It is so ordered.

Reversed and remanded for further proceedings.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

ON REHEARING, JANUARY 13, 1936.
Division B.

PER CURIAM.—This case coming on after rehearing granted pursuant to order of reversal entered herein on September 27, 1935, the judgment reversing and remanding the case for further proceedings is adhered to on authority of the opinion and judgment this day entered in the

case of Tampa Southern Railroad Company, a corporation, v. City of Bradenton, a Municipal Corporation.

WHITFIELD, C. J., and ELLIS, BROWN, BUFORD, and DAVIS, J. J., concur.

TERRELL, J., agrees to the conclusion.

ON EXTRAORDINARY PETITION FOR REHEARING
February 18, 1936.
Division A.

PER CURIAM.—In the first opinion on this appeal, rendered September 29, 1935, the order of the Circuit Court was reversed on the authority of the opinion and judgment in the case of Tampa Southern R. Co. v. City of Bradenton insofar as it granted the motion to strike the fourth paragraph of the bill of complaint. In the opinion on rehearing in the Bradenton case, filed in this Court on January 13th, 1936, we said that: "There is nothing in the original opinion in this case which precludes the municipality from making its own assessment." The same opinion shows that, while the municipality can under the Constitution make its own assessment for municipal purposes, and is not compelled to accept the assessment made by the State authorities, it must make its assessment according to the principles established for State taxation, was required by the same section of the Constitution.

Upon further consideration of the fourth paragraph of the bill of complaint in this case, we have reached the conclusion that is not consistent with the holding of this Court above referred to, in that it alleges, in effect, that the municipality, in making its assessment, is bound to follow the valuation placed upon the property by the State Assessing Board.

It follows that the Circuit Court was justified in striking said fourth paragraph of the bill, and accordingly re-

hearing is granted as prayed, and our former judgment of reversal should be and is now hereby vacated and the order appealed from is now

Affirmed.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

TERRELL, and BUFORD, J. J., concur in the opinion and judgment.